UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE EMIGDIO FLORES,

    Petitioner,

v.                               Case No: 2:17-cv-112-FtM-29CM
                                  Case No. 2:08-CR-108-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #259)[1] and Memorandum of Law in Support of § 2255 Motion (Cv. Doc. #2), both filed on February 21, 2017. The government filed a Response in Opposition (Doc. #8) on May 1, 2017. Petitioner presents only one ground for relief arguing for the retroactive application of Amendment 794 of the United States Sentencing Guidelines.

**I.**

On July 30, 2008, a federal grand jury in Fort Myers, Florida returned a three-count Indictment (Cr. Doc. #1) charging

---

[1]The Court will make references to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

petitioner and others with conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, and possession with intent to distribute more than 500 grams of methamphetamine. Defendant was further individually charged with knowingly carrying a firearm during and in relation to a drug trafficking crime, and in furtherance of the drug trafficking crime of conspiracy to possess and possession with intent to distribute more than 500 grams of methamphetamine.  On April 20, 2009, defendant entered a plea of guilty as to Counts Two and Three of the Indictment.  (Doc. #153.)  The plea was accepted on the next day.  (Doc. #156.)  On July 20, 2009, Count One was dismissed upon motion of the United States, and the Court sentenced petitioner to a term of imprisonment of 135 months of imprisonment as to Count Two, and a term of 60 months of imprisonment as to Count Three, to be served consecutively to Count Two, followed by a term of supervised release.  (Cr. Doc. #191.)  Judgment (Cr. Doc. #192) was filed on July 20, 2009.  Petitioner filed a Notice of Appeal (Cr. Doc. #196), and the Eleventh Circuit affirmed the convictions on May 28, 2010.  United States v. Flores, 380 F. App'x 921 (11th Cir. 2010).

On November 14, 2016, the Court denied a motion for the retroactive application of Amendment 782 to the United States Sentencing Guidelines finding petitioner's sentence would remain

unchanged.  (Cr. Doc. #257.)  Petitioner filed his motion under § 2255 on February 21, 2017.

**II.**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, the Eleventh Circuit affirmed petitioner's convictions on May 28, 2010.  Whether or not petitioner files a petition for certiorari, he "gets the benefit of up to 90 days between the entry of judgment on direct appeal and the expiration of the certiorari period." Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).  Therefore, petitioner's convictions became final ninety days after they were

affirmed, and petitioner had through August 29, 2011, to file his federal habeas petition.  Giving petitioner the benefit of the mailbox rule[1], the motion under § 2255 was signed and executed on February 17, 2017.  As a result, the motion is untimely from the date petitioner's conviction became final, 28 U.S.C. § 2255(f)(1) and is due to be dismissed as time-barred.  The Court will also consider whether a later date may apply under § 2255(f).

Petitioner argues that his motion is timely under § 2255(f)(4) because it was filed within one year of when facts became available.  (Cv. Doc. #1, p. 10, ¶ 18.)  Petitioner does not further expand on what facts were unavailable, or whether the facts were "discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  Therefore, this argument is rejected.  The other two bases, subsections (2) and (3) have no applicability in this case.  Petitioner was not prevented from filing his petition by an impediment of the government[2], and petitioner seeks the retroactive application of a Sentencing Guidelines amendment not a right newly recognized by the Supreme Court.  The Court finds

---

[1] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing."  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

[2] In fact, petitioner was permitted to enter a conditional plea of guilty, "with the consent of the Court, reserving the right to appeal the adverse order" that denied his motion to suppress. (Cr. Doc. #151, ¶ 1.)

no alternative date for the limitation to run from, and therefore petitioner's petition is time-barred.

### III.

Petitioner argues that the retroactive application of U.S. Sentencing Guidelines Manual supp. app. C, Amend. 794 would decrease his sentence by up to 4 levels pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.3(A). Amendment 794 is a clarifying amendment that clarifies the factors considered for a minor-role adjustment. United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016). The Court notes that petitioner did not receive a role adjustment at sentencing that would require clarification. (Doc. #244, PSR ¶ 29.)

"It is now well-settled in this circuit that the sentencing court should consider clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before the effective date of the amendments." United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (citations omitted). This is the case in the context of a direct appeal, and upon review of a petition under 28 U.S.C. § 2255. Cruickshank, at 1194; United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003). Nonetheless, an argument that the sentence was contrary to a subsequent clarifying amendment "is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." Burke v. United States,

152 F.3d 1329, 1332 (11th Cir. 1998). Petitioner did not raise the issue on his limited appeal, and the petition under § 2255 is time-barred. Finding no miscarriage of justice, the Court is foreclosed from considering or applying the clarifying amendment retroactively.

**V.**

Alternatively, if the Court were to consider the motion as a request for a reduction of petitioner's sentence under 18 U.S.C. § 3582(c)(2), the motion would be denied. Section 3582 allows the Court reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if--
>
> **(A)** None of the amendments listed in subsection (d) is applicable to the defendant; or
>
> **(B)** An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.
>
> . . . .

U.S. Sentencing Guidelines Manual § 1B1.10(a)(2). Subsection (d) enumerates the list of amendments as follows:

>    Amendments covered by this policy statement
>    are listed in Appendix C as follows: 126, 130,
>    156, 176, 269, 329, 341, 371, 379, 380, 433,
>    454, 461, 484, 488, 490, 499, 505, 506, 516,
>    591, 599, 606, 657, 702, 706 as amended by
>    711, 715, 750 (parts A and C only), and 782
>    (subject to subsection (e)(1)).

U.S. Sentencing Guidelines Manual § 1B1.10(d). Therefore, for the Court to consider a reduction, there must be an applicable amendment to the United States Sentencing Guidelines that lowers the sentence, and it must be listed in U.S. Sentencing Guidelines Manual § 1B1.10(d). United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003). It is undisputed that Amendment 794 is not listed, and a reduction is therefore not authorized under this bright-line rule. See U.S. Sentencing Guidelines Manual §1B1.10 cmt. n.1; Armstrong, at 909. Finding no jurisdictional basis to reduce petitioner's sentence, the motion is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #259) is **DISMISSED as time-barred**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __31st__ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA